**Satbir SINGH, Petitioner,**

v.

**Eric H. HOLDER, Jr., Attorney General, Respondent.**

No. 07–70493.

United States Court of Appeals, Ninth Circuit.

Submitted Aug. 20, 2009.*

Filed Aug. 31, 2009.

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Tsz–Hai Huang Fax, Rai & Associates, PC, San Francisco, CA, for Petitioner.

Ronald E. Lefevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Quynh Bain, Esq., U.S. Department of Justice, Civil Division, Washington, D.C., for Respondent.

Before: WALLACE, HAWKINS, and THOMAS, Circuit Judges.

### MEMORANDUM **

Satbir Singh, a native and citizen of India, seeks review of the Board of Immigration Appeals' ("BIA") decision dismissing his appeal from an immigration judge's decision denying his application for asylum, withholding of removal and relief under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence findings of fact, *Li v. Ashcroft*, 378 F.3d 959, 962 (9th Cir.2004), and we deny the petition for review.

** This disposition is not appropriate for publication and is not precedent except as provid-

Singh testified inconsistently with respect to whether he was hung upside down during his 1995 arrest and with respect to whether the police contacted his family while he was hiding in India, *see Kaur v. Gonzales*, 418 F.3d 1061, 1067 (9th Cir.2005), and he failed to adequately explain these discrepancies when given the opportunity, *see id.* at 1066–67. Because the inconsistencies go to the heart of his claim, substantial evidence supports the BIA's adverse credibility determination. *See Chebchoub v. INS*, 257 F.3d 1038, 1043 (9th Cir.2001). Accordingly Singh's asylum and withholding of removal claims fail. *See Farah v. Ashcroft*, 348 F.3d 1153, 1156 (9th Cir.2003).

Finally, because Singh's CAT claim is based on the same statements the BIA found to be not credible, and he does not point to any other evidence in the record that compels the conclusion that it is more likely than not he would be tortured if returned to India, substantial evidence supports the BIA's denial of CAT. *See id.* at 1156–57.

**PETITION FOR REVIEW DENIED.**